# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CW 05-285 consolidated with CW 05-304, CW 05-330, CW 05-365, CW 05-369, CW 05-374, CW 05-376, CW 05-401, CW 05-406, CW 05-407, CW 05-1011, CW 05-1044, CW 05-1057

**DERRY LABORDE, ET AL**
**VERSUS**
**KIRBY M. PECOT, ET AL**

### ***CONSOLIDATED WITH***

**KENYAWN AUGUSTINE, ET AL**
**VERSUS**
**NEW HORIZON KIDS QUEST, IV, INC., ET AL**

### ***CONSOLIDATED WITH***

**KENYAWN AUGUSTINE, ET AL**
**VERSUS**
**KIRBY M. PECOT, ET AL**

### ***CONSOLIDATED WITH***

**LOUIS AND JENNIFER BLALOCK, ET AL**
**VERSUS**
**NEW HORIZON KIDS QUEST, IV, INC., ET AL**

**********

ON WRIT OF REVIEW FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES
NOS. 2002-3740, 2002-3996, 2002-3997, 2002-3998
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

AS REMANDED BY THE SUPREME COURT OF LOUISIANA

**********
**MARC T. AMY**
**JUDGE**
**********

**BEFORE THE COURT *EN BANC:*** Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, Glenn B. Gremillion, Elizabeth A. Pickett, Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

**WRIT DENIED.  REMANDED.**

Raymond L. Brown, Jr.
Lottie L. Bash
Gold, Weems, Bruser, Sues & Rundell, APLC
Post Office Box 6118
Alexandria, LA   71037-6118
(318) 445-6471
COUNSEL FOR:
    Gremillion Corrugated, LLC

Steven Claude Judice
Chad Sullivan
Keogh, Cox & Wilson, Ltd.
Post Office Box 1151
Baton Rouge, LA   70821
(225) 383-3796
COUNSEL FOR:
    Larry Stockwell Heating & AirConditioning
    Federated Mutual Insurance Company

David J. Schexnaydre
Wade Dillard Rankin
Edward J. Lassus, Jr.
Mary E. Lord
Pajares & Schexnaydre, LLC
103 Northpark Boulevard, Suite 110
Covington, LA   70433
(985) 292-2000
COUNSEL FOR:
    Fulcrum Insurance Company

Ralph R. Alexis, III
Porteous, Hainkel & Johnson, LLP
704 Carondelet Street
New Orleans, LA   70130
(504) 581-3838
COUNSEL FOR:
    Coastal Air Balance, Inc.

Harry E. Forst
639 Loyola Avenue, Suite 1830
New Orleans, LA   70113
(504) 525-0070
COUNSEL FOR:
    Coastal Air Balance, Inc.

Christopher T. Grace, III
3421 North Causeway Boulevard, 9th Floor
Metairie, LA   70002
(504) 831-4091
COUNSEL FOR:
       Coastal Air Balance, Inc.


William  B. Baggett
Wells T. Watson
Baggett, McCall, Burgess, Watson & Gaughan
Post Office Drawer 7820
Lake Charles, LA   70606-7820
(337) 478-8888
COUNSEL FOR:
       Louis Blalock, et al
       Derry Laborde, et al
       Kenyawn Augustine, et al


Eugene A. Ledet, Jr.
Rivers, Beck, Dalrymple & Ledet
Post Office Drawer 12850
Alexandria, LA   71315-2850
(318) 445-6581
COUNSEL FOR:
       Louis Blalock, et al
       Derry Laborde, et al
       Kenyawn Augustine, et al


Triston Kane Knoll
Jerold Edward Knoll Jr. Esq.
The Knoll Law Firm
Post Office Box 426
Marksville, LA   71351
(318) 253-6200
COUNSEL FOR:
       Louis Blalock, et al
       Derry Laborde, et al
       Kenyawn Augustine, et al


Terrence L. Brennan
Keith J. Bergeron
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA   70130-3672
(504) 581-5141
COUNSEL FOR:
       Atrium Vinyl Products

**Richard D. Chappuis, Jr.**
**Kristen Broussard Menard**
**Hoai T. Hoang**
**Voorhies & Labbe′**
**Post Office Box 3527**
**Lafayette, LA   70502**
**(337) 232-9700**
**COUNSEL FOR:**
     **Kirby M. Pecot, d/b/a**
     **Pecot & Co. Architects**
     **Design Professional Ins. Co.**

**Simone Chachere Dupre**
**Voorhies & Labbe′**
**Post Office Box 3527**
**Lafayette, LA   70502-3527**
**(337) 232-9700**
**COUNSEL FOR:**
     **Kirby M. Pecot**

**Dominic Joseph Gianna**
**Michael Otis Waguespack**
**Alan Dean Weinberger**
**Middleberg, Riddle, & Gianna**
**201 St. Charles Avenue, 31st Floor**
**New Orleans, LA   70170-3100**
**(504) 525-7200**
**COUNSEL FOR:**
     **The Trane Company**

**Lawrence J. Duplass**
**Claire A. Breaux**
**Andrew D. Weinstock**
**Duplass, Zwain, Bourgeois & Morton, APLC**
**3838 N.Causeway Boulevard, Suite 2900**
**Metairie, LA   70002**
**(504) 832-3700**
**COUNSEL FOR:**
     **The Trane Company**

**Whitney A. Klein**
**Christopher Carton**
**McCarter & English**
**Post Office Box 652**
**Newark, NJ   07101-0652**
**(973) 622-4444**
**COUNSEL FOR:**
     **The Trane Company**

**Gary M. Zwain**
**Kevin R. Derham**
**Duplass, Zwain, Bourgeois & Morton, APLC**
**3838 N.Causeway Boulevard, Suite 2900**
**Metairie, LA   70002**
**(504) 832-3700**
**COUNSEL FOR:**
    **Jefferson Sprinkler Company, Inc.**

**Jerry J. Falgoust**
**Dauzat, Falgoust, Caviness and Bienvenu**
**Post Office Box 1450**
**Opelousas, LA   70571-1450**
**(337) 942-5811**
**COUNSEL FOR:**
    **D. W. Fire Stopping, Inc.**

**Ronald J. Fiorenza**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel, APC**
**Post Office Box 1791**
**Alexandria, LA   71309-1791**
**(318) 445-3631**
**COUNSEL FOR:**
    **Alvarez Donnoway-Passons, Inc.**

**John P. Doggett**
**Zebulon M. Winstead**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel, APC**
**Post Office Box 1791**
**Alexandria, LA   71309-1791**
**(318) 445-3631**
**COUNSEL FOR:**
    **Dixie Roofing and Sheet Metal Company, Inc.**
    **Century Insurance Group**
    **Colony Insurance Company**

**R. Joshua Koch, Jr.**
**Spyridon, Koch, Palermo & Dornan, LLC**
**3838 N.Causeway, Suite 3010**
**Metairie, LA   70002**
**(504) 830-7800**
**COUNSEL FOR:**
    **Tunica-Biloxi Indians**
    **Paragon Casino Resort**

**Rachelle Deckert Dick**
**Forrester, Jordan & Dick, LLC**
**7809 Jefferson Hwy, Suite G**
**Baton Rouge, LA 70809**
**(225) 928-5400**
**COUNSEL FOR:**
  **Tunica-Biloxi Indians of Louisiana**
  **Paragon Casino Resort**

**Milton O'Neal Walsh**
**Walsh & Bailey**
**Post Office Box 3157**
**Baton Rouge, LA   70821-3157**
**(225) 383-8649**
**COUNSEL FOR:**
  **Security Insurance Company of Hartford**

**William L. Melancon**
**Dawn M. Fuqua**
**Joseph T. Puhekker**
**Melancon & Associates, LLC**
**900 South College Road, Suite 300**
**Lafayette, LA   70503**
**(337) 233-8600**
**COUNSEL FOR:**
  **Security Insurance Co. of Hartford**
  **M & E Consulting, Inc.**

**Leigh Haynie**
**Joseph Joy & Associates**
**Post Office Box 4929**
**Lafayette, LA   70502**
**(337) 232-8123**
**COUNSEL FOR:**
  **M & E Consulting, Inc.**
  **Security Insurance Company of Hartford**

**Gary Paul Kraus**
**Richard Joseph Petre, Jr.**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, LA   70502-3507**
**(337) 237-2660**
**COUNSEL FOR:**
  **Security Insurance Company of Hartford**
  **Gunn Electric Company, Inc.**

**Michael P. Maraist**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, LA   70502-3507**
**(337) 237-2660**
**COUNSEL FOR:**
    **Gunn Electric Company, Inc.**

**Thomas Edward Loehn**
**Charles K. Chauvin**
**Boggs, Loehn & Rodrigue**
**1010 Common Street, Suite 2400**
**New Orleans, LA   70112**
**(504) 523-7090**
**COUNSEL FOR:**
    **Design Tex Group**

**DeWitt T. Methvin, Jr.**
**Post Office Box 1871**
**Alexandria, LA   71309**
**(318) 448-1632**
**COUNSEL FOR:**
    **State Farm Insurance Company**

**Larry A. Stewart**
**Stafford, Stewart & Potter**
**Post Office Box 1711**
**Alexandria, LA   71301**
**(318) 487-4910**
**COUNSEL FOR:**
    **Liberty Mutual Insurance Co.**
    **F. L. Crane & Sons, Inc.**

**Charmagne A. Padua**
**Jay M. Lonero**
**Larzelere Picou Wells Simpson Lonero, LLC**
**3850 N. Causeway Boulevard, Suite1100**
**Metairie, LA   70002**
**(504) 834-6500**
**COUNSEL FOR:**
    **TIG Insurance Company**

**Rodney M. Rabalais**
**Rabalais & Roy**
**Post Office Box 447**
**Marksville, LA   71351**
**(318) 253-4622**
**COUNSEL FOR:**
    **Tunica Biloxi Construction Co.**

**Patrick J. Hanna**
**Rabalais, Hanna & Hebert**
**701 Robley Drive, Suite 210**
**Lafayette, LA   70503**
**(337) 981-0309**
**COUNSEL FOR:**
  **Tunica Biloxi Construction Co.**

**Charles A. Schutte, Jr.**
**Guglielmo, Marks, Schutte, Terhoeve & Love**
**320 Somerulos Street**
**Baton Rouge, LA   70802**
**(225) 387-6966**
**COUNSEL FOR:**
  **Signlite, Inc.**

**Robert A. Vosbein**
**Adams and Reese, LLP**
**701 Poydras Street, Suite 4500**
**New Orleans, LA   70139**
**(504) 581-3234**
**COUNSEL FOR:**
  **Continental Casualty Company**

**John B. Davis**
**Adams and Reese, LLP**
**450 Laurel Street, Suite 1900**
**Baton Rouge, LA   70801-1900**
**(504) 336-5200**
**COUNSEL FOR:**
  **Continental Casualty Company**

**David A. Hurlburt**
**George D. Ernest, III**
**Hurlburt, Privat & Monrose, APLC**
**Post Office Drawer 4407**
**Lafayette, LA   70502-4407**
**(337) 237-0261**
**COUNSEL FOR:**
  **Berg, Inc.**

**Lourdes Estevez Martinez**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, ALC**
**601 Poydras Street, Suite 2775**
**New Orleans, LA   70130-6027**
**(504) 568-1990**
**COUNSEL FOR:**
  **Travelers Indemnity Company**

**James H. Gibson**
**Allen & Gooch**
**Post Office Box 3768**
**Lafayette, LA   70502-3768**
**(337) 291-1300**
**COUNSEL FOR:**
    **New Horizon Kids Quest, Inc.**

**Matthew J. Ungarino**
**Ungarino & Eckert, LLC**
**315 South College Road, Suite 239**
**Lafayette, LA   70503**
**(337) 235-5656**
**COUNSEL FOR:**
    **Specialty Surplus Insurance Company**

**David I. Bordelon**
**Ungarino & Eckert, LLC**
**3909 Plaza Tower Drive**
**Baton Rouge, LA   70816**
**(225) 292-2000**
**COUNSEL FOR:**
    **Specialty Surplus Insurance Company**

**Ray F. Lucas, III**
**315 South College Road, Suite 239**
**Lafayette, LA   70503**
**(337) 235-5625**
**COUNSEL FOR:**
    **Specialty Surplus Insurance Company**

**David K. Nelson**
**George T. Hawthorne**
**Jeffrey N. Boudreaux**
**Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP**
**Post Office Box 3513**
**Baton Rouge, LA   70821**
**(225) 387-0999**
**COUNSEL FOR:**
    **Custom Metal and Siding**
    **Dwayne Whatley**

**Roy M. Mosley**
**CNA Environmental & Mass Tort**
**3 Embarcadero Center, 12th Floor**
**San Francisco, CA   94111**
**(415) 440-3102**
**COUNSEL FOR:**
    **CNA Insurance Company**

**Richard G. Duplantier, Jr.**
**Stephen J. Moore**
**Michael D. Lonegrass**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, Suite 4040**
**New Orleans, LA   70139-1200**
**(504) 525-6802**
**COUNSEL FOR:**
> **CNA Insurance Company**
> **McElroy Metal, Inc.**

**D. Patrick Daniel, Jr.**
**P. O. Drawer 80827**
**Lafayette, LA   70598-0827**
**(337) 232-3333**
**COUNSEL FOR:**
> **McElroy Metal, Inc.**

**Mark R. Pharr, III**
**Galloway, Johnson, Tompkins, Burr & Smith**
**4021 Ambassador Caffery, Suite 175**
**Lafayette, LA   70503**
**(337) 735-1760**
**COUNSEL FOR:**
> **McElroy Metal, Inc.**

**David P. Salley**
**Glen E. Mercer**
**Salley, Hite, Rivera & Mercer**
**365 Canal Street, Suite 1710**
**New Orleans, LA   70130**
**(504) 566-8800**
**COUNSEL FOR:**
> **Zurich American Insurance Company**

**Christopher S. Hardy**
**Penny & Hardy, APLC**
**Post Office Box 2187**
**Lafayette, LA   70502-2187**
**(337) 231-1955**
**COUNSEL FOR:**
> **Republic Vanguard Insurance Company**

**Keith C. Armstrong**
**Scott C. Barney**
**Chaffe McCall, LLP**
**8550 United Plaza Boulevard, Suite 202**
**Baton Rouge, LA   70809**
**(225) 992-4300**
**COUNSEL FOR:**
 **Senergy, Inc.**

**Bonita K. Preuett-Armour**
**Armour Law Firm, LLC**
**Post Office Box 710**
**Alexandria, LA   71309**
**(318) 442-6611**
**COUNSEL FOR:**
 **G. W. Moreau Metal Buildings**
 **Glen Moreau**
 **State Farm Insurance Company**

**Richard T. Musgrave**
**Musgrave, McLachlan & Penn, LLC**
**1515 Poydras Street, Suite 2380**
**New Orleans, LA   70112**
**(504) 799-4300**
**COUNSEL FOR:**
 **Western World Insurance Company**
 **JES, Inc.**

**S. Aaron Siebeneicher**
**Johnson & Siebeneicher**
**Post Office Box 648**
**Alexandria, LA   71309**
**(318) 484-3911**
**COUNSEL FOR:**
 **Western World Insurance Company**
 **JES, Inc.**

**Michael D. Rubenstein**
**Kenneth T. Wallace**
**Liskow & Lewis, APLC**
**701 Poydras Street, Suite 5000**
**New Orleans, LA   70139-5099**
**(504) 581-7979**
**COUNSEL FOR:**
 **Sellers & Josephson, Inc.**

**John T. Walsh**
**Lathrop & Gage, L.C.**
**10 S. Broadway, Suite 1300**
**St. Louis, MO   63102**
**(504) 581-7979**
**COUNSEL FOR:**
     **Sellers & Josephson, Inc.**

AMY, Judge.

The defendants filed applications for supervisory writs with this court after the trial court denied their exceptions of no right of action and various other exceptions. This court granted the writs, noting both that La.R.S. 22:655 does not provide for direct action in state court against the insurer of a party claiming sovereign immunity and that the Tunica-Biloxi Indian Tribe is an indispensable party to the state court matter as previously held in *Bonnette v. Tunica-Biloxi Indians d/b/a Paragon Casino Resort*, 02-919 (La.App. 3 Cir. 5/28/03), 873 So.2d 1. The Louisiana Supreme Court denied in part and granted in part the plaintiffs' related writ application and remanded the matter for reconsideration of the question of indispensability. For the following reasons, we deny the defendants' writ applications and remand for further proceedings.

**Factual and Procedural Background**

This matter stems from the construction of a hotel at the Paragon Casino Resort in Marksville, Louisiana. Paragon is allegedly owned and operated by the Tunica-Biloxi Tribe of Louisiana. The general contractor for the Paragon construction project was Tunica-Biloxi Construction Company. Adjacent to the hotel, Paragon housed a daycare center owned and operated by New Horizon Kids Quest, IV, Inc. In 2002, former employees and customers of Paragon and New Horizon brought suit against the Tribe, New Horizon, and subcontractors involved in the construction of Paragon's North Tower Hotel. The plaintiffs alleged that toxic mold developed shortly after the hotel's opening, causing them injury. The Tribe filed an exception of subject matter jurisdiction based on sovereign immunity. The non-Tribe defendants also filed exceptions, contending that the Tribe was an indispensable

party[1] to the suit. The trial court granted the exceptions. The decision was affirmed

by a panel of this court in *Bonnette v. Tunica-Biloxi Indians d/b/a Paragon Casino

Resort*, 02-919 (La.App. 3 Cir. 5/28/03), 873 So.2d 1.

The matter is again before this court as the present four matters were filed

while *Bonnette*, 873 So.2d 1, was pending. These suits involve the same plaintiffs

and defendants, as well as additional plaintiffs and defendants. However, the Tribe's

insurer, TIG Insurance Company, was named as a defendant rather than the Tribe in

three of the suits. The plaintiffs named neither TIG nor the Tribe in the fourth matter.

The defendants filed numerous exceptions in the first three matters, including

no right of action, lack of indispensable party and related exceptions such as res

judicata and lis pendens. After this court issued *Bonnette*, finding the Tribe to be an

indispensable party and affirming the dismissal of the suits involved therein, the trial

court conducted a hearing involving the four new lawsuits and took the matters under

advisement. The trial court ultimately denied the defendants' exceptions of no right

of action and lack of indispensable party, as well as the remaining exceptions.

On writs of review, this court reversed the trial court's denial of the exceptions

of no right of action and lack of indispensable party, dismissing the plaintiffs' claims

as follows:

> The trial court erred in denying the exceptions of no right of
> action and failure to join an indispensable party. Louisiana Revised
> Statute 22:655 does not provide for direct action in state court against
> the insurer of a party claiming sovereign immunity. Additionally, the
> Tunica-Biloxi Indian Tribe is an indispensable party to the litigation in
> state court. *Bonnette v. Tunica-Biloxi Indians d/b/a Paragon Casino
> Resort*, 02-919 (La.App. 3 Cir. 5/28/03), 873 So.2d 1. Accordingly, the

---

[1] We recognize that Louisiana Code of Civil Procedure Articles 641 and 642, as amended in 1995, no longer classify parties as "necessary" or "indispensable." Instead, the articles consider "joinder" of a party. *See also* La.Code Civ.P. art. 927. However, the filings in this matter continue to frame the question as one of indispensability, a term that is particularly descriptive here due to the question of whether dismissal is appropriate.

trial court's ruling is hereby reversed and set aside, and plaintiffs' claims against the defendant are hereby dismissed.

*See Laborde v. Pecot*, unpublished writ opinions rendered June 29, 2005 bearing docket numbers 05-285, 05-304, 05-330, 05-365, 05-369, 05-374, 05-376, 05-379, 05-381, 05-384, 05-401, 05-406, and 05-407. *See also Laborde v. Pecot*, unpublished writ opinions rendered January 5, 2006 and bearing docket numbers 05-986, 05-1011, 05-1017, 05-1044, 05-1052, 05-1057, 05-1072, 05-1090.

The plaintiffs applied for writs to the Louisiana Supreme Court. The supreme court denied in part and granted in part the application and explained:

> Denied in part, granted in part. There is no error in that portion of the court of appeal's ruling dismissing the Tribe's insurer(s). See La. R.S. 22:655(B). However, with respect to the defendants other than the Tribe's insurer(s), the case is remanded to the court of appeal for reconsideration of the applicable factors under La.Code Civ. P. art. 641 in light of La. Civ. Code arts. 2323 and 2324, as interpreted in Dumas v. State, 02-0563 (La. 10/15/02), 828 So.2d 530.

*See Laborde v. Pecot*, 05-2254 (La. 3/17/06), 925 So.2d 522; *Laborde v. Pecot*, 06-0290 (La. 3/17/06), 925 So.2d 523. Thus, the matter arrives at this court for further consideration in light of the supreme court's instructions.[2]

## Discussion

The defendants each offer their own opposition to the trial court's denial of the exceptions. In sum, the question before the court, at this point, is whether the Tribe is a necessary party pursuant to La.Code Civ.P. art. 641, and, if so, whether Article 642 requires dismissal of the action against the remaining defendants in light of the breadth of La.Code Civ.P. arts. 2323 and 2324.

---

[2] We have not considered arguments outside of the supreme court's specific remand instructions.

The plain wording of La.Code Civ.P. arts. 641 and 642 indicates that, in certain circumstances, dismissal of an action against remaining defendants may be appropriate if a necessary party cannot be joined. The articles provide:

**Art. 641.** **Joinder of parties needed for just adjudication**

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

**Art. 642.** **Determination by court whenever joinder not feasible**

If a person described in Article 641 cannot be made a party, the court shall determine whether the action should proceed among the parties before it, or should be dismissed. The factors to be considered by the court include:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to him or those already present.

(2) The extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures.

(3) Whether a judgment rendered in the person's absence will be adequate.

(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In *Bonnette*, 873 So.2d 1, this court worked through the analysis required by these articles. The conditions of Article 641 were found to be satisfied, as the Tribe could not be joined due to its immunity in state court and, thus, relief would be limited to

4

the fault apportioned, if any, between the remaining defendants. The court also noted that the Tribe's absence would impair its ability to protect its interest and, furthermore, that, should the matter be pursued in tribal court, the parties risked the possibility of multiple or inconsistent obligations. Finding the Tribe necessary under the criteria of Article 641, the panel turned to Article 642 and found that circumstances warranted dismissal due to the considerations of Paragraphs (3) and (4).

The possibility of dismissal through application of La.Code Civ.P. arts. 641 and 642, and as found applicable in *Bonnette*, appear to be in high tension with La.Civ.Code arts. 2323 and 2324, which provide:

**Art. 2323.   Comparative fault**

A.   In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

B.   The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

C.   Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.

**Art. 2324.   Liability as solidary or joint and divisible obligation**

A.   He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

5

B.     If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation.  A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

C.     Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

In *Dumas v. State ex rel. Department of Culture, Recreation & Tourism*, 02-0563 (La. 10/15/02), 828 So.2d 530, the supreme court considered a case in which the family of a man who died following a bicycle accident brought a wrongful death and survival action against the State, alleging that the bicycle accident was caused by a roadway defect.  In an amended answer, the State alleged that the medical negligence of the hospital where the victim was treated was the sole cause of his death.  The plaintiffs filed a motion to strike the amended answer and asserted that the allegations of any subsequent negligence were immaterial and irrelevant and arguing that the original tortfeasor was the legal cause of any injury arising from subsequent medical treatment.  The trial court granted the motion to strike.  The first circuit affirmed.  The supreme court granted the State's writ application and reversed the granting of the motion to strike in light of Articles 2323 and 2324.  The court explained:

> Article 2323 provides that "[i]n *any action for damages* . . ., the degree of percentage of fault of *all persons* causing or contributing to the injury, death, or loss *shall* be determined, regardless of whether the person is a party to the action or a nonparty . . . .  The [foregoing] provisions . . . *shall* apply to *any claim* . . . asserted under *any law or legal doctrine or theory of liability, regardless of the basis of liability*."  (Emphasis added.)  Thus, this article clearly requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person.

6

Likewise, the language of Article 2324(B) is equally clear. It provides that, in non-intentional cases, liability for damages caused by two or more persons *shall* be a joint and divisible obligation. Each joint tortfeasor *shall not* be liable for more than his degree of fault and *shall not* be solidarily liable with any other person for damages attributable to the fault of that other person. This provision abolishes solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his own share of the fault, which must be quantified pursuant to Article 2323.

In this case, the State alleges that a portion of the damages sought by plaintiffs was caused by medical malpractice on the part of the health care provider treating Mr. Dumas for the injuries he sustained in the bicycle accident. Pursuant to Article 2323, the fault of both the State and the allegedly negligent health care providers should be determined notwithstanding the fact that the health care providers are nonparties. Under Article 2324(B), if a jury determines that both the State and the health care providers negligently injured Mr. Dumas and plaintiffs, then the liability between them will be a joint and divisible obligation, they will not be solidarily liable, and each joint tortfeasor will be liable only for his portion of fault. The comparative fault article La.C.C. art. 2323, makes no exceptions for liability based on medical malpractice; on the contrary, it clearly applies to any claim asserted under any theory of liability, regardless of the basis of liability. There is no conflict between either Article 2323 or Article 2324(B) and the Medical Malpractice Act that could be fairly classified as "absurd." Accordingly, we find the clear language of Articles 2323 and 2324(B), applied as written, leads to the inescapable conclusion that the State in this case must be allowed to put on evidence related to the health care provider's alleged fault as part of its defense. While we recognize that these articles, which substantially impede the ability of an injured party to obtain full recovery of his damages, are in derogation of established rights and are to be strictly construed, *Touchard*, 617 So.2d at 892, we simply cannot construe their unmistakably clear language in a contrary manner without overstepping our role as jurists.

*Id.* at 537-38 (footnotes omitted).

While *Dumas* addressed the apparent expansiveness of Articles 2323 and 2324, it did not address the apparent conflict between the dismissal of the case anticipated by Article 642 and Article 2323's requirement of apportionment of fault between all actors. Neither did *Dumas* involve the question of an actor who is beyond the jurisdiction of the court due to sovereign immunity. This case involves all of these elements and presents the challenge of interpreting these seemingly conflicting

7

articles in light of one another. *See* La.Civ.Code art. 13, which instructs that: "Laws on the same subject matter must be interpreted in reference to each other." Moreover, as noted in *Dumas*, 828 So.2d 530, the judiciary may not disregard the public policy decisions on which legislation is based, nor may it reweigh the balance of interests and policies previously struck by the legislature.

The parties' submissions indicate that, since *Bonnette* however, the circumstances surrounding this case have changed. Recall that, in *Bonnette*, the court explained that the Tribe was a necessary party due, in part, to the risk of multiple or inconsistent obligations stemming from the possibility of a proceeding in tribal court. Subsequently, in a related matter in the United States District Court for the Western District of Louisiana, the trial court determined that the land on which the hotel was constructed was not Indian Country until *after* construction. *See Tunica-Biloxi Indians of Louisiana v. Pecot*, 351 F. Supp. 2d 519 (W.D. La. 2004). Thus, the possibility of tribal court proceedings related to activities during that time period has been eliminated as has the risk of multiple or inconsistent verdicts/obligations stemming from these ancillary proceedings.

This case now requires a different analysis than that employed in *Bonnette* as the crucial element of the possibility of tribal court proceedings has been eliminated from the analysis required by La.Code Civ.P. art. 641. Further, when we examine Article 642(4) in light of this development, it is apparent that there is no longer the possibility that the plaintiffs "will have an adequate remedy if the action is dismissed for nonjoinder." Rather, with this element eliminated, Article 642(3), which asks "[w]hether a judgment rendered in the person's absence will be adequate[,]" becomes central to the analysis. Articles 2323 and 2324 indicate that the legislature has positively identified a verdict comparatively assessing the fault of *all* actors as

adequate. In the present iteration of this lawsuit, Article 642 no longer requires dismissal of this action against the remaining defendants. The trial court did not err in denying the defendants' exceptions.

We also note that there are defendants remaining who contend that their involvement in this matter stems from injury incurred on tribal property and did not arise until *after* the construction of the hotel and, therefore, their involvement is outside the scope of *Pecot*, 351 F. Supp. 2d 519. However, we find no error in the denial of the exceptions of these defendants. Rather, the filings before us do not indicate that further proceedings are likely, or even possible, against these defendants in another forum. In this respect, these defendants have not met their burden of proving entitlement to dismissal under Articles 641 and 642.

## DECREE

For the foregoing reasons, the writ applications are denied. Costs of this proceeding are assessed to the relators. The matter is remanded to the trial court for further proceedings.

**WRIT DENIED. REMANDED.**